AO 91 (Rev. 11/11)  Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original   ☐ Duplicate Original

**LODGED**
CLERK, U.S. DISTRICT COURT
1/29/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ RYO _____ DEPTUTY

# UNITED STATES DISTRICT COURT

for the

Central District of California

**FILED**
CLERK, U.S. DISTRICT COURT
1/29/2026
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ IV _____ DEPUTY

| | |
|---|---|
| United States of America<br><br>v.<br><br>Eduardo Madera,<br><br>Defendant. | Case No.   2:26-mj-00536-DUTY |

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, Dylan Greer, the complainant in this case, state that the following is true to the best of my knowledge and belief.  On or about the date of January 16, 2026, in the county of Los Angeles in the Central District of California, the defendant violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm and Ammunition |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

*/s/ Dylan Greer*
_____
*Complainant's signature*

Dylan Greer, Special Agent
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date:   01/29/2026
_____

*Patricia Donahue*
_____
*Judge's signature*

City and state:   Los Angeles, California

Hon. Patricia Donahue, U.S. Magistrate Judge
_____
*Printed name and title*

AUSA: Christina R.B. López x2475

## AFFIDAVIT

I, Dylan Greer, being duly sworn, declare and state as follows:

### I.  PURPOSE OF AFFIDAVIT

1.    This affidavit is made in support of a criminal complaint against and arrest warrant for Eduardo MADERA ("MADERA") for a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

2.    The facts set forth in this affidavit are based upon my personal observations, my training and experience, evidence in this matter, and information obtained from various law enforcement personnel and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint and arrest warrant and does not purport to set forth all of my knowledge of or investigation into this matter.  Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. BACKGROUND OF AFFIANT

3.    I am a Homeland Security Investigations (HSI) Special Agent and have been so employed since June 2023.  I am currently assigned to HSI in Los Angeles, California as part of the Homeland Security Task Force, Transnational Criminal Organizations, Weapons Group, which is responsible for investigating illegal weapons trafficking and related offenses.

4.    My previous investigative role within HSI was with the HSI Office of the Assistant Special Agent in Charge in El

Segundo, California, as part of the Los Angeles International Airport Express Consignment and Freight Forwarding group, which was responsible for investigating drug and firearms trafficking violations involving passengers, outbound mail, air cargo, and ocean freight shipments.

5.    During my tenure at HSI, I have completed approximately 350 hours of instruction at the Federal Law Enforcement Training Center in Glynco, Georgia, and completed the Criminal Investigations Training Program.

6.    Through my training, I have learned of HSI's criminal investigative authority, as well as investigative techniques. During my time at HSI, I have investigated the smuggling of drugs and firearms through passengers and air cargo into and out of the United States.  I have assisted with the execution of search warrants to seize evidence of violations of federal and state law, as well as arrest warrants to apprehend individuals who have committed such violations.

7.    Prior to joining HSI, I worked for approximately seven years in law enforcement in various positions in the State of Georgia.

### III. <u>SUMMARY OF PROBABLE CAUSE</u>

8.    On January 16, 2026, officers with the Los Angeles Police Department ("LAPD") initiated a traffic stop on a Black BMW.  MADERA was in the passenger seat.  After seeing MADERA reach down to the floorboard by his feet, officers asked MADERA if he had a gun, and MADERA nodded yes.  Officers then saw what appeared to be a rifle by MADERA's feet, and once MADERA was out

of the vehicle, officers confirmed that there was a rifle in the floorboard.  The rifle and thirty-seven (37) rounds of 22 caliber ammunition were seized.

9.    Once MADERA was positively identified, officers discovered he was a convicted felon on probation with an active probation warrant for his arrest.

10.    Once in custody, MADERA admitted, in a <u>Mirandized</u> interview, that the rifle was his and that he knew he was not allowed to possess the firearm because he was a convicted felon.

## IV. <u>STATEMENT OF PROBABLE CAUSE</u>

11.    Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A.    <u>LAPD Officers Encountered MADERA and Found a Firearm</u>**

12.    On Friday, January 16th, 2026, at approximately 18:15 hours, LAPD officers with the Olympic Gang Enforcement Detail Unit were working in the area near the Wilshire Serrano Motel located at 736 S Serrano Ave, Los Angeles, CA 90005.  According to the LAPD officers, the area is known for frequent narcotics possession and sales.

13.    While in the parking lot of the Serrano Motel, officers saw a Black BMW 530XI (license plate 8YUB268) with the engine running and the lights on.  The vehicle had heavy/dark front window tint in violation of California Vehicle Code Section 26708(A) and a tinted license plate cover in violation of California Vehicle Code Section 5200(A).

14.  Officers approached the vehicle and saw a female driver and a male passenger.  The passenger was later identified as MADERA.

15.  As they approached the vehicle, officers saw MADERA reaching down to the floorboard by his feet through the front windshield of the vehicle.  Officers opened the passenger door to order MADERA out of the vehicle and asked MADERA if he had a gun.  MADERA nodded.  Officers then observed the forward grip and barrel of a rifle on the floorboard of the passenger side of the vehicle, by MADERA's feet.  MADERA was ordered out of the vehicle and taken into custody.

16.  As MADERA exited the vehicle, officers observed a firearm that was described to be a Smith & Wesson M&P Rifle with a forward grip and adjustable stock.  Officers recovered the rifle and observed nineteen (19) rounds of .22 caliber ammunition in the magazine and no round in the chamber. Officers conducted a search of the vehicle and recovered an additional rifle magazine loaded with eighteen (18) rounds of .22 caliber ammunition inside a black backpack located on the back seat of the vehicle.

**B.    MADERA Had an Active Probation Arrest Warrant**

17.  Through the use of law enforcement resources, LAPD was able to identify the passenger of the vehicle as MADERA. LAPD then conducted a warrant check for MADERA and discovered that he was a convicted felon and was on probation with an active/outstanding probation warrant.  MADERA was placed under arrest for the probation warrant and for violation of California

Penal Code Section 29800(a)(1), - Felon in Possession of a Firearm.

**C.    MADERA Admitted the Firearm Was His and that He Knows He Is Prohibited from Possessing It**

18.    While at LAPD Olympic Station located at 1130 Vermont Avenue, Los Angeles, California 90006, MADERA was advised of his Miranda rights and agreed to be interviewed.  According to information provided by LAPD, MADERA stated that the rifle recovered from the vehicle belonged to him.  MADERA indicated that he knew he was not allowed to possess the firearm because he was a convicted felon.  MADERA told officers that he possessed the gun for personal protection.

**D.    MADERA's Criminal History**

19.    On or about January 26, 2026, I reviewed MADERA's criminal history and learned that MADERA had previously been convicted felony crimes, including at least the following:

a.    On or about November 15, 2016, a violation of California Penal Code Section 666.5 - Auto Theft W/Prior, in the Superior Court for the State of California, County of Los Angeles, Case Number LAXSA09408101.

b.    On or about November 15, 2016, a violation of California Penal Code Section 459 - Burglary: Second Degree, in the Superior Court for the State of California, County of Los Angeles, Case Number LAXSA09387801.

c.    On or about November 15, 2016, a violation of California Penal Code Section 10851(A) - Take Vehicle Without

Owner Consent/Vehicle Theft, in the Superior Court for the State of California, County of Los Angeles, Case Number LAXSA09406502.

d.    On or about August 24, 2017, a violation of California Penal Code Section 496D - Receipt of Stolen Vehicle, in the Superior Court for the State of California, County of Los Angeles, Case Number LACBA46030201.

e.    On or about December 7, 2018, a violation of California Penal Code Section 487(D)(1) - Grand Theft Auto and a violation of California Penal Code Section 10851(A), - Take Vehicle Without Owner Consent/Vehicle Theft, in the Superior Court for the State of California, County of Los Angeles, Case Number LACBA47246101.

f.    On or about December 10, 2020, a violation of California Penal Code Section 664, 4573.6 - Attempt to Possess Controlled Substance in Detention Facility, in the Superior Court for the State of California, County of San Diego, Case Number CD287132.

g.    On or about January 27, 2022, a violation of California Vehicle Code Section 2800.2 - Evade Peace Officer; Disregard Safety, in the Superior Court for the State of California, County of Los Angeles, Case Number LACBA50236001.

h.    On or about April 7, 2023, a violation of California Vehicle Code Section 2800.2 - Evade Peace Officer; Disregard Safety and a violation of California Penal Code Section 10851(A) - Take Vehicle Without Owner Consent/Vehicle Theft, in the Superior Court for the State of California, County of San Diego, Case Number SCS325775.

i.    On or about August 15, 2024, a violation of California Penal Code Section 496D - Receipt of Stolen Vehicle, in the Superior Court for the State of California, County of Los Angeles, Case Number 24TRCF00398-01.

**E.    Interstate Nexus**

20.  On or about January 26, 2026, Alcohol, Tobacco, Firearms and Explosives Special Agent Donovan Manning examined the evidence and made the following determinations:

a.    The Smith & Wesson, .22 caliber rifle bearing serial number DVA7490 was manufactured by Smith & Wesson in Massachusetts.  For this firearm to be found in the state of California, it must have moved in interstate commerce.

b.    The thirty-three rounds of Federal, .22 caliber ammunition, marked with the headstamp "F", were manufactured in either Minesota or Idaho.  For this ammunition to be found in the state of California, it must have moved in interstate commerce.

c.    The four rounds of Aguila, .22 caliber ammunition, marked with the headstamp "A" were manufactured in Mexico.  For this ammunition to be found in the state of California, it must have moved in foreign commerce.

//

//

## V.  CONCLUSION

21.  For all of the reasons described above, there is probable cause to believe that MADERA has committed a violation of 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone on this ___29th___ of January 2026.

UNITED STATES MAGISTRATE JUDGE
PATRICIA DONAHUE